# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

**Tae Hui An**,
c/o Ryu & Ryu, PLC,
301 Maple Ave West Ste 620
Vienna VA 22180,

                Plaintiff,

-against-

**ANS ENTERPRISE, INC.**,
doing business as and also know as
UNIVERSITY WINE & SPIRITS,
333 Hawaii Avenue, N.E.,
Washington, DC 20011
**SERVE: Washington Consular Services, Inc.**
1666 Connecticut Avenue, N.W.
Ste 222
Washington, DC 20009,

**Steven Kim**,
24974 Halite Drive
Aldie, VA 20105,

and

**Angie Kim**,
24974 Halite Drive
Aldie, VA 20105,

                Defendants.

Civil Action Number: _____

**JURY TRIAL REQUESTED**

## COMPLAINT

Plaintiff, Tae Hui An, by his attorneys, (Michael) Hyunkweon Ryu and the law firm of Ryu & Ryu, PLC, as and for his Complaint herein, alleges and shows to this Court the following:

### Nature of Action

1. Plaintiff, a former employee of Defendants ANS ENTERPRISE, INC. (doing business as and also known as UNIVERSITY WINE & SPIRITS, hereinafter "ANS

1

ENTERPRISE"), Steven Kim, the owner and CEO of ANS ENTERPRISE, INC., and Angie Kim, also the owner and CEO of ANS ENTERPRISE, INC., submits this Complaint for himself that Defendants willfully violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §32-1301 *et seq.*

### Jurisdiction

2.  This Court has jurisdiction over the federal law claim asserted in this action under 28 U.S.C. §201 *et seq.,* including §§ 207 and 216, and 28 U.S.C. §§1331 and 1367.

### Venue

3.  Venue is proper in this Court under 28 U.S.C. §1391(b) since Defendants have his place of business in this District, and the unlawful acts occurred herein.

### Parties and Facts

4.  Plaintiff is Tae Hui An.

5.  Plaintiff was at all times relevant hereto an individual employed in the District of Columbia by Defendants.

6.  Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and the implementing rules and regulations of the FLSA.

7.  Plaintiff is filing this FLSA claim as an individual action.

8.  Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the DCWPCL, and the implementing rules and regulations of the DCWPCL.

9.  For the period commencing on or about sometime in 2012, at the latest sometime in September 2012, Plaintiff regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

    a)  He regularly worked at least 62 hours per week.

   b) His work schedule was as follows:

    i. Mondays: 10 am - 10 pm,

    ii. Tuesdays: 10 am - 10 pm,

    iii. Wednesdays: off,

    iv. Thursdays: 12 pm - 10 pm,

    v. Fridays: 12 pm - 11 pm,

    vi. Saturdays: 3 pm - 11 pm, and

    vii. Sundays: 11 am - 8 pm.

   c) He was paid $700 per week.

   d) He quit on or about September 21, 2015.

10. Plaintiff regularly worked more than 40 hours a week while employed by Defendants and were never paid the proper amount of overtime wages.

11. Plaintiff performed manual labor for Defendants, as a cashier at a wine & beer store, accepting cash, processing credit cards, and selling and stocking wine, beer and liquor.

12. While Plaintiff was performing his job duties, he regularly handled credit card processing machines, and sold and stocked wine, beer and liquor.

13. The majority of the said wine, beer and liquor was produced in states other than the District of Columbia such as California, Tennessee and Kentucky, or foreign countries such as France, Italy, Scotland, Mexico and Chile for the sale for interstate commerce and later shipped or imported through interstate commerce to the District of Columbia and eventually Defendants for sale to customers.

14. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

15. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

16. Plaintiff was required to report to work for Defendants at a certain time.

17. Plaintiff could not set his own hours of work for Defendants.

18. Defendant, ANS ENTERPRISE, INC., is and was at all times relevant hereto a District of Columbia Corporation with its place of business in the District of Columbia at 333 Hawaii Avenue, N.E., Washington, DC 20011.

19. Defendant, ANS ENTERPRISE, INC., is registered with the District of Columbia with its registered agent: Washington Consular Services, Inc., 1666 Connecticut Avenue, N.W., Ste 222, Washington, DC 20009.

20. Defendant, ANS ENTERPRISE, INC., is and was at all times relevant hereto engaged in the business of wine & beer retail sale.

21. At all times relevant hereto (i.e., during Plaintiff' employment), the annual gross dollar volume of sales or receipts of Defendant ANS ENTERPRISE, INC., including the gross dollar volume (not limited to income) derived from all sales and business transactions including gross receipts from service, credit, or other similar charges, excluding internal transactions, if any, and excluding any excise taxes at the retail level which were stated separately exceeds and exceeded $500,000.00.

22. Defendant Steven Kim was at all times relevant hereto the owner and CEO of the corporate Defendant ANS ENTERPRISE, INC.

23. Defendant Steven Kim managed, supervised, established and administered the terms and conditions of Plaintiff' employment.

24. Defendant Steven Kim participated in and approved of the pay practices of the corporate Defendant ANS ENTERPRISE, INC.

25. Defendant Steven Kim was involved in assigning work to Plaintiff.

26. Defendant Steven Kim had the power and authority to discipline Plaintiff.

27. Defendant Steven Kim exercised authority over the terms and conditions of Plaintiff' employment and how much and the manner in which Plaintiff was paid.

28. Defendant Steven Kim hired Plaintiff.

29. Defendant Steven Kim was in charge of paying employees.

30. Defendant Steven Kim told Plaintiff where to work and when to work.

31. Defendant Angie Kim was at all times relevant hereto the owner and CEO of the corporate Defendant ANS ENTERPRISE, INC.

32. Defendant Angie Kim managed, supervised, established and administered the terms and conditions of Plaintiff' employment.

33. Defendant Angie Kim participated in and approved of the pay practices of the corporate Defendant ANS ENTERPRISE, INC.

34. Defendant Angie Kim was involved in assigning work to Plaintiff.

35. Defendant Angie Kim had the power and authority to discipline Plaintiff.

36. Defendant Angie Kim exercised authority over the terms and conditions of Plaintiff' employment and how much and the manner in which Plaintiff was paid.

37. Defendant Angie Kim hired Plaintiff.

38. Defendant Angie Kim was in charge of paying employees.

39. Defendant Angie Kim told Plaintiff where to work and when to work.

40. At all times relevant hereto, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, or of how much Plaintiff was paid for Plaintiff's work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008.

41.     Defendants, during at all times relevant hereto, had two or more employees who regularly processed credit cards, and sold and stocked wine, beer and liquor.

42.     The majority of the said wine, beer and liquor was produced in states other than the District of Columbia such as California, Tennessee and Kentucky, or foreign countries such as France, Italy, Scotland, Mexico and Chile for the sale for interstate commerce and later shipped or imported through interstate commerce to the District of Columbia and eventually Defendants for sale to customers.

43.     Defendants, during At all times relevant hereto, were subject to the FLSA due to the nature of their business and revenues earned.

44.     Defendants, during At all times relevant hereto, were subject to the DCWPCL due to the nature and location of their business.

45.     Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

46.     Defendants held Plaintiff out as an employee.

47.     Defendants employed and paid Plaintiff as his employee.

48.     Defendants are employers within the meaning of the term of the FLSA, 29 U.S.C. § 203(d).

49.     Defendants are employers within the meaning of the term of the DCWPCL, D.C. Code § 32-1301(1).

50.     At all times relevant hereto, Defendants were aware that it was legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours in any one workweek.

51.     At all times relevant hereto, Defendants were aware that it was legally required to timely pay Plaintiff all wages legally due to Plaintiff.

52. Defendants failed to pay Plaintiff for overtime compensation for hours worked in excess of 40 hours per workweek.

53. No exemption from overtime wages applied to Plaintiff' employment with Defendants.

54. No exemption from overtime applies or applied to Plaintiff when he worked or works more than 40 hours in a workweek for Defendants.

55. Defendants jointly and severally owe Plaintiff approximately $19,533.87 in the principle unpaid wages.

56. Defendants do not have good faith basis for his failure to properly pay Plaintiff for overtime wages.

57. Defendants' failure to properly pay Plaintiff for the overtime wages was willful.

58. Defendants intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, as required by D.C. Code § 32-1008 (b).

59. Defendants intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, in order to conceal the actual number of hours Plaintiff worked and Plaintiff's hourly rate.

60. Defendants failed to provide Plaintiff with notice of Plaintiff's employer's name, address, telephone number, the employee's rate of pay, and the employer's regular payday, as required by D.C. Code § 32-1008 (c).

61. Defendants did not post the notice required by D.C. Code § 32-1009 or 29 C.F.R. § 516.4.

62. Defendants did not provide Plaintiff with actual or constructive notice of Plaintiff's employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

63. Upon information and belief, Defendants never obtained legal advice that their pay practices and/or policies were compliant with federal wage-hour laws.

64. Upon information and belief, Defendants never obtained legal advice that their overtime pay practices and/or policies were compliant with District of Columbia wage-hour laws.

65. Upon information and belief, Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

66. Upon information and belief, Defendants never obtained any written guidance from the District of Columbia Department of Employee Services concerning their pay practices and policies.

67. At all times relevant hereto, the acts and omissions of Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

68. At all times relevant hereto, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

69. At all times relevant hereto, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

**Count I: Overtime Violation under FLSA**

70. All allegations of this Complaint are expressly incorporated herein and Plaintiff repeat and reallege each and every allegations set forth in this Complaint as though set forth fully at length herein.

71. Plaintiff are entitled to overtime pay under the Fair Labor Standards Act, 29 U.S.C. §207.

72. Defendants violated the provisions of the Fair Labor Standards Act by willfully failing and refusing to pay Plaintiff all overtime compensation due to them under the FLSA and its implementing regulations.

73. Plaintiff has been damaged by the said violation by Defendants in an amount presently to be determined at the trial of this action.

74. By reason of the aforesaid violations of the FLSA, Defendants are jointly and severally liable to Plaintiff in an amount equal to the unpaid overtime, which is at the rate of not-less-than one and one-half (1.5) times of Plaintiff regular hourly wage rates, an equal amount to the unpaid overtime wages in the form of liquidated damages, attorney's fees, costs, and pre-and post judgment interest.

### Count II: Failure to pay wages under the DCWPCL

75. All allegations of this Complaint are expressly incorporated herein and Plaintiff repeat and reallege each and every allegations set forth in this Complaint as though set forth fully at length herein.

76. Defendants were an "employer" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

77. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

78. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C. Code § 32-1301(3).

79. Defendants violated the DCWPCL by failing to pay Plaintiff all wages earned, including overtime wages.

80. Defendants' DCWPCL violations were knowing and willful.

81.   For its DCWPCL violations, Defendants are jointly and severally liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants jointly and severally, on all counts, and grant the following relief:

a)   Award Plaintiff at least $78,134.48, consisting of the following overlapping elements:

   i.   unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C.§ 216;

   ii.   unpaid District of Columbia minimum and overtime wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308; and

b)   Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c)   Award Plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d)   Award Plaintiff court costs; and

e)   All further relief deemed just and equitable by this Honorable Court.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests that a jury of his peers hear and decide all possible claims brought on behalf of Plaintiff and those similarly situated.

                                        Respectfully submitted,
                                        By Tae Hui An,

Through his counsel:

/s/ (Michael) Hyunkweon Ryu
(Michael) Hyunkweon Ryu
Ryu & Ryu, PLC
301 Maple Ave West
Suite 620
Vienna VA 22180
Attorney for Plaintiff


Dated: May 1, 2016